# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CLARENCE R. SANKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-88 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DAVID HAWKINS, General Sales | * | |
| Manager, BUFFALO ROCK | * | |
| COMPANY, PEPSI-COLA, | * | |
| Southeastern Division, TUG | * | |
| LIVINGSTON, Assistant Sales | * | |
| Manager, and WILLIE HUGHES, | * | |
| Assistant Sales Manager, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, Clarence R. Sanks, presently an inmate at Coastal State Prison in Garden City, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial

partial filing fee. 28 U.S.C. § 1915(b)(4). Petitioner must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Plaintiff's Complaint

Plaintiff alleges in he was discriminated against by the Defendants for employment purposes in 2002, 2004, and 2005, when the Defendants failed to "re-hire" him. (R-1). Plaintiff Sanks seeks "a settlement judgment for [his] Civil Rights[,] 5th, 7th, and 11th Amendments, and punitive damages for Labor Discrimination, and damages for Equal Employer Opportunity Act of Pain & Suffering." (sic) *Id*.

## Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental

entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). A successful § 1983 action requires that the

plaintiff show he was **deprived of a federal right by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978)) (emphasis added).

Here, Plaintiff Sanks contends that he was discriminated against by employees of Buffalo Rock Company and Pepsi-Cola Company, which are non-governmental entities. Plaintiff does not that any right was violated by a person acting "under color of state law." Thus, based on the facts as alleged by the Plaintiff, this claim must fail as there exists no basis upon which relief can be granted against the Defendants.

THEREFORE, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief. Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc